**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ————————————————— | ) |
| RHONDA D. THEUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 14-1280 (ABJ) |
| | ) |
| SELENE FINANCE LLC, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| ————————————————— | ) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Rhonda D. Theus filed this *pro se* lawsuit against defendants Selene Finance LLC ("Selene")[1] and Clearmont LLC ("Clearmont"), bringing claims related to a foreclosure on real property located in Macomb County, Michigan.  Selene has filed a motion to dismiss the complaint on several grounds:   lack of federal subject-matter jurisdiction; improper service of process; improper venue; and failure to state a claim.[2]  Selene's Mot. to Dismiss Compl. [Dkt. # 7] ("Mot."); Statement of P. & A. in Supp. of Mot. [Dkt. # 7-1] ("Mem.").  The Court finds that it lacks subject-matter jurisdiction over this action and that plaintiff has failed to state a claim upon which relief can be granted, and so the case will be dismissed.

---

1       In its motion to dismiss, Selene Finance LP notes that it has been improperly sued as Selene Finance LLC.  Selene's Mot. to Dismiss Compl. [Dkt. # 7] at 1.

2       Defendant Clearmont has not entered an appearance in this case or responded to the complaint in any way.  The Court notes, however, that there is little indication that Clearmont was ever served with process or otherwise notified of this lawsuit.  *See* Aff. of Service [Dkt. # 4] (reflecting copies of mailing labels addressed to Clearmont and Selene and an affidavit of service relating only to defendant Selene).

## BACKGROUND

Plaintiff is a Michigan resident who filed the complaint in this case on July 24, 2014. Compl. [Dkt. # 1].  The citizenship of defendant Selene is not readily apparent, and defendant Clearmont is a citizen of Michigan.  *See, e.g.*, Compl. at 10 ("warranty deed" attached to complaint stating that Clearmont is "a Michigan Limited Liability Company").  Although the complaint is difficult to decipher, plaintiff's allegations appear to concern a foreclosure on real property located in Macomb County, Michigan.  *See id.* at 2.  The complaint does not contain any express allegations against Clearmont or Selene, but plaintiff seems to contend that one or both defendants cannot establish they are "the 'holder[s] in due course' of the mortgage note" because they cannot produce original "wet ink signature" copies of the mortgage note, deed of trust, or "other similar 'Security Instrument[s].'"  *Id.* at 4.  Plaintiff also alleges that she is entitled to receive $281,000 in damages from one or both defendants because of fraudulent acts she contends were committed with respect to the foreclosure.  *Id.* at 5–6.

On September 16, 2014, the Court issued an order stating:  "Upon review of the complaint, it appears that plaintiff has failed to allege any facts that would indicate that this Court has subject matter jurisdiction over this case."  Order (Sept. 16, 2014) [Dkt. # 5] at 1.  The Court ordered plaintiff to show cause by October 7, 2014, why the Court had jurisdiction.  *Id.*  The Court cautioned plaintiff to keep in mind "the legal requirement of complete diversity of citizenship of the parties and the $75,000 amount in controversy requirement" under 28 U.S.C. § 1332.  *Id.*  In addition, noting that plaintiff was proceeding *pro se*, the Court advised plaintiff that failing to

respond to the potentially dispositive question posed in the order could result in the dismissal of plaintiff's case. *Id.* at 1–2, citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).

Defendant Selene filed the pending motion to dismiss on September 25, 2014. Mot. On September 29, 2014, the Court issued a Fox Order that informed the *pro se* plaintiff that failing to respond to the motion to dismiss could result in the dismissal of her case. Fox Order [Dkt. # 8] at 1, citing *Fox*, 837 F.2d 507. The Court ordered plaintiff to respond to the motion to dismiss on or before October 24, 2014. *Id.* at 2. The Court also extended the deadline for plaintiff to respond to the September 16, 2014 order to show cause until October 24, 2014, stating that plaintiff could file one pleading in response to both that order and Selene's motion to dismiss. *Id.*

On October 21, 2014, plaintiff filed a series of "affidavits in support of plaintiff's claims" that purportedly responded to the Court's order to show cause and the motion to dismiss. Affs. in Supp. of Pl.'s Claims [Dkt. # 9] ("Pl.'s Affs.").[3] Selene filed a reply on October 31, 2014. Selene's Reply Mem. in Supp. of Mot. [Dkt. # 10].

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences

---

3    The Court notes that plaintiff states in the "Affidavit of Jurisdiction" that she "asserts that a Temporary Restraining Order be effectuated against Defendants in the instant matter." Pl.'s Affs. at 2. To the extent plaintiff may have intended to seek a temporary restraining order in this case, she has entirely failed to comply with the Local Rules of this Court pertaining to applications for temporary restraining orders. *See* LCvR 65.1(a).

are not supported by facts alleged in the complaint, nor must the [c]ourt accept plaintiff's legal conclusions.'" *Lyles v. Hughes*, No. 13-0862 (RJL), 2015 WL 1263148, at *2 (D.D.C. Mar. 19, 2015), quoting *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012); *see also Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011); *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

I.     **Subject-Matter Jurisdiction**

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l*

*Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms.*, *Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority." *Id*. A district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

## II.      Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 566. A pleading must offer more than "'labels and conclusions'" or a "'formulaic recitation of the elements of a cause of action,'" *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in the plaintiff's favor, and a court should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, a court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must a court accept plaintiff's legal conclusions. *See id.*; *see also Browning*, 292 F.3d at 242. In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

## III.  *Pro Se* **Standard of Review**

Because plaintiff is proceeding *pro se*, the Court notes that "[a] document filed *pro se* is 'to be liberally construed,'" and that "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## ANALYSIS

The limited original jurisdiction of federal courts extends only to "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States," 28 U.S.C. § 1332(a)(1), and to cases that arise under federal law. *See* 28 U.S.C.

§ 1331.  It is not clear from plaintiff's pleadings which type of federal jurisdiction she seeks to invoke.  Regardless, plaintiff has failed to carry her burden to show by a preponderance of the evidence that any of the jurisdictional requirements are met here, and so this case must be dismissed.  *See Lujan*, 504 U.S. at 561; *Kokkonen*, 511 U.S. at 377.  In addition, to the extent any of the federal provisions plaintiff mentions in her responsive pleading could be deemed to meet the requirements of 28 U.S.C. § 1331, plaintiff has failed to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

First, there is not complete diversity in this case, and so 28 U.S.C. § 1332 does not apply. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."), citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).  Plaintiff states in the complaint that she is a resident of Macomb, Michigan, *see* Compl. at 1, and she indicates in her filings that defendant Clearmont is also a citizen of Macomb, Michigan.  *See id.* (case caption reflecting address for Clearmont in Macomb, Michigan); *id.* at 8 (certificate of service reflecting address for Clearmont in Macomb, Michigan); Aff. of Service at 2 (copy of mailing label reflecting address for Clearmont in Macomb, Michigan).  Moreover, the "warranty deed" plaintiff has attached to the complaint expressly states that Clearmont is "a Michigan Limited Liability Company."  Compl. at 10.

In addition, despite the Court's attempt to draw plaintiff's attention to this issue in the order to show cause, *see* Order (Sept. 16, 2014) at 1, and despite Selene's contention in its motion to dismiss that there is not complete diversity here, *see* Mot. ¶ 1; Mem. at 6–7, plaintiff does not deny that Clearmont is a citizen of Michigan or otherwise address the issue in her opposition pleading. *See* Pl.'s Affs.  The closest she comes to a rebuttal is the statement that "[t]he state of MICHIGAN

is subject to the laws of the United States; principally domiciled in the District of Columbia . . . to consist of the Federal Government."  Pl.'s Affs. at 2.  But this does not change the fact that there is not complete diversity here, and so the Court concludes that it does not have jurisdiction over this case under 28 U.S.C. § 1332.

Second, plaintiff has failed to plead any claim that arises under federal law in the complaint, *see* 28 U.S.C. § 1331, and to the extent she invokes federal provisions in her opposition affidavits, she fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In the complaint, plaintiff refers to federal statutes related to counterfeiting, but these criminal provisions do not include a private right of action.  *See* Compl. at 3–4, citing 18 U.S.C. §§ 472–74, and the Counterfeit Deterrence Act of 1992, codified at 18 U.S.C. §§ 471, 474, 474A.  And in the affidavits, plaintiff invokes the Sarbanes-Oxley Act, 21 U.S.C. § 853 (the criminal forfeiture statute), and several constitutional amendments.  *See* Pl.'s Affs. at 7 ("The entire foreclosure proceeding perpetrated against Plaintiff(s) and its consumer credit qualifies as a State Audit and Federal Investigation for accounting frauds in violation of the Sarbanes-Oxley Act of 2002 . . . ."); *id.* at 8 ("State property cannot be taxed and to engage in a Sherriff's sale of Plaintiff(s) property as a U.S. Trustee will constitute a criminal recovery by Plaintiff(s), pursuant to 21 USC 853(n)(6)(8)."); *id.* at 8–9 ("Based on the duality of Plaintiff's position to enforce the Organic constitution against Defendants is contained in the Fourteenth Amendment to the U.S. Constitution in support of the defenses that will follow . . . .  Analyzing this article, the United States, as a matter of law, is domiciled in the District with respect to a State."); *id.* at 9 ("The laying and collection of taxes imposed by Defendants and its institutions as a so-called obligation owed by Plaintiff(s) is Moot based on the taxing powers outlined in the Sixteenth Amendment . . . ."); *id.* at 10 (invoking

the *Noerr-Pennington* doctrine[4] and the First Amendment).  None of these provisions or doctrines, however, amounts to a cause of action here, especially given that defendants are not government entities or state actors.  Moreover, plaintiff has failed to provide any explanation as to how these provisions might entitle her to relief from defendants, or to otherwise state a claim for relief that is plausible on its face.  *See Ashcroft*, 556 U.S. at 678.

In sum, plaintiff has not carried her burden to establish that the Court has subject-matter jurisdiction over this case, nor has she stated a claim upon which relief can be granted.  Therefore, the Court will grant Selene's motion to dismiss.  In addition, in light of the deficiencies in plaintiff's pleadings, the Court will dismiss the complaint *sua sponte* as to Clearmont.  *See Evans*, 2010 WL 1632902, at *1; *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012) ("The district court may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) . . . where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint."), quoting *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990).

## CONCLUSION

For all of these reasons, the Court will grant defendant Selene's motion to dismiss, and it will dismiss the complaint *sua sponte* as to defendant Clearmont.  A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  April 14, 2015

---

4      The *Noerr-Pennington* doctrine holds that "petitioning the Government for redress of grievances, whether by efforts to influence legislative or executive action or by seeking redress in court, is immune from liability under the antitrust laws."  *Covad Commc'ns Co. v. Bell Atl. Corp.*, 398 F.3d 666, 677 (D.C. Cir. 2005).